UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE ED STACKHOUSE,

                    Petitioner,                   Case No. 1:08-cv-206

v.                                        Honorable Janet T. Neff

WENDELL A. MILES et al.,

                    Respondents.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it does not seek relief cognizable on habeas review.

**Discussion**

I.      Factual allegations

Petitioner Joe Ed Stackhouse presently is incarcerated at the Oaks Correctional Facility.  He sues Senior United States District Court Judge Wendell A. Miles and Warden Cindi S. Curtin.[1]

Petitioner, however, does not challenge the fact of his convictions, nor does he challenge the duration of his sentences.  In his petition, he provides the following two grounds for habeas corpus relief and supporting facts, in verbatim:

> [Ground One:]  I've wrote several letter's stating my violations no response. Judge Wendell A. Miles violate of corrupt organization (RICO) Act, Conspiracy, Mail Fraud, Racketeer Influenced, Due Process, Procedural due process of law by denied Stackhouse, Attorney, and working with MDOC, theft, stolen property, denied personal hyiene, etc.

> [Ground Two:]  Deprive of legal materials, deprive of materials needed for deadline.  Deprive me school GED, Deprive Personal Hyiene etc.

(Pet. at 4-6, docket #1.)  For relief, Petitioner seeks monetary damages and injunctive relief.

II.     Analysis

The instant petition is subject to summary dismissal because Petitioner is challenging the conditions of his confinement, not the fact or duration of confinement.  Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475,

---

[1]Rule 2(a), RULES GOVERNING § 2254 CASES, provides that a petition for writ of habeas corpus must "name as a respondent the state officer who has custody."  *Id.; see also* 28 U.S.C. § 2242.  Petitioner has named Warden Cindi Curtin, but he also named Judge Wendell A. Miles to the action.  Judge Miles is not his custodian under the statute or rule.  Accordingly, the Court dismissed Judge Miles from the instant action on February 29, 2008 because he is not a proper respondent to a petition for writ of habeas corpus.

500 (1973).  However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)*; Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).   Complaints like the ones raised by Petitioner, which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).  An inmate like Petitioner may, however, bring claims that challenge the conditions of confinement under 42 U.S.C. § 1983.  *Id.*; *see also Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).  Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief."  *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)).  The Sixth Circuit has held that where, as here, the claims about the conditions of confinement are not cognizable in an action under § 2254, the district court must dismiss the habeas action without prejudice, to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action.  *Martin*, 391 F.3d at 714.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it does not seek relief cognizable on habeas review.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  March 6, 2008                          /s/  Joseph G. Scoville
                                               United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).